■ MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, v. UNITED STATES LIABILITY INSURANCE COMPANY, Respondent.— Judgment entered May 29, 1968, unanimously reversed, on the law and the facts, with $50 costs and disbursements to plaintiff-appellant, and judgment directed declaring that disclaimers by the defendant in the first and second causes of action were invalid and that the defendant remains obligated under its insurance policy on the claims and causes of action of Carmen Quinones and Ventura Solis and that plaintiff have judgment against defendant for such sums as have been paid by it upon the arbitration awards. The delay by the two injured women passengers in giving notice to the defendant carrier of the accident involving its insured was not unreasonable in the circumstances. The notices were given as soon as was practicable. The defendant received notice on behalf of Miss Solis four months and six days after the accident of July 28, 1962. In the meantime, however, she had been confined to the hospital until August 24; a long leg cast was not removed from her left leg until October 11, and she had been informed after the accident by the operator of the automobile that there was no insurance and to do nothing. Miss Solis, nevertheless, a factory worker who spoke English haltingly, consulted and retained an attorney at her home on October 9, 1962. The attorney proceeded to prosecute what he was advised was an uninsured motorist action. The police report of the accident which he procured disclosed that the accident involved but one automobile which had swerved and turned over. Despite the information that the vehicle was uninsured, the attorney on October 22 sought an insurance check from the Motor Vehicle Department in Albany. The latter by envelope dated November 30, 1962 replied that the defendant had existing coverage for the vehicle involved and defendant was notified immediately of the claim against its insured. Thus, within a period of less than two months from the date of the retainer, the attorney had discovered, identified and notified the defendant insurance carrier. The notice given by Miss Solis was timely (*Lauritano* v. *American Fid. Fire Ins. Co.*, 3 A D 2d 564, affd. 4 N Y 2d 1028; *Aetna Ins. Co.* v. *Millard*, 25 A D 2d 341; *Scala* v. *Scala*, 19 A D 2d 559). While the defendant did not receive notice of the Quinones claim until a year and a half after the accident, the prior notice by Solis was applicable to the claimant Quinones. Both were passengers in the same auto-

mobile and injured in the same accident. The accident, involving only one automobile which went out of control and turned over, was reported to the police, and following the notice by Solis, the defendant investigated and procured the police report. No further investigation was made by the defendant following receipt of the Quinones claim. The disclaimers of the defendant, in any event, over seven months after notice in the case of Solis and over three months in the case of Quinones, were unreasonably delayed and invalid (*Allstate Ins. Co.* v. *Gross,* 31 A D 2d 389; *Matter of Kelly* [*MVAIC*], 30 A D 2d 516). Concur — Stevens, P. J., Capozzoli, McGivern, Steuer and Tilzer, JJ.