■ DELCO STEEL FABRICATORS, INC., et al., Respondents-Appellants, v. AMERICAN HOME ASSURANCE COMPANY, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered April 17, 1972, modified, on the law and on the facts, to the extent of reversing so much thereof as declared that defendant American Home Assurance Company ("American") was obliged to provide coverage to plaintiff Delco Steel Fabricators, Inc. ("Delco") in

connection with a certain pending action brought by Thomas Coughlin, and by striking the first, second, fourth, fifth and sixth decretal paragraphs thereof and except as so modified, affirmed. Defendant-appellant-respondent shall recover of plaintiffs-respondents-appellants $60 costs and disbursements of this appeal. The clerk is directed to enter judgment declaring that Delco is barred from relief under American's policy by reason of its failure to comply with policy conditions, with costs to American against plaintiffs. Delco purchased certain structural steel girders from Congaree Iron & Steel Company, Inc. ("Congaree") for use in construction of a shopping center in Fishkill, N. Y. Congaree shipped the steel on a flatbed trailer owned by a third party and insured by American. The policy issued by American covered Congaree, as lessee of the vehicle, and also provided that "use of the [vehicle] for the purposes stated includes the loading and unloading thereof". When the steel arrived in Fishkill, on July 22, 1966, Delco requested the general contractor to arrange for its unloading since it had no employees of its own at the site. Coughlin, an employee of one of the subcontractors, was injured during the unloading procedure and he instituted a suit against the general contractor, Congaree and Delco. Congaree was served with process in December, 1966, and so notified its insurer, American. Delco was similarly served one month later and it forwarded the papers served on it to its general comprehensive liability insurer, plaintiff Phoenix Assurance Company of New York ("Phoenix"). Each insurance company interposed an answer on behalf, and undertook the defense, of its own assured. Delco claimed over against the general contractor and Congaree. The policies issued by Phoenix and American each provided for the sharing of a loss where other insurance was in effect; with Phoenix's policy limited to $250,000 and American's policy limited to $500,000 of coverage. Some 15 months after Coughlin commenced his action, and after pretrial procedures had been concluded, American was requested to take over Delco's defense since Delco was an additional insured under American's policy. American refused because of Delco's breach of the policy in failing to give timely notice of the accident and of the suit. Plaintiffs assert that notice by Congaree was also notice on Delco's behalf and, in any event, that American has not been prejudiced by the delay. Because of Delco's cross claim, the trial court correctly ruled that American was not obligated to defend Delco. However, it then went on to hold that Delco was entitled to coverage by American to the extent of two thirds of any recovery against it up to $750,000. We disagree with this latter finding. We are not dealing here with two claimants who are similarly situated, where notice by one may be also deemed applicable to a claim by another. (Cf. *MVAIC* v. *United States Liab. Co.*, 33 A D 2d 902.) Delco took an adversary position regarding Congaree. Accordingly, it should have given the notice required by American's policy; and its failure to do so is fatal to its claim. (Cf. *Jarka Corp.* v. *American Fid. & Cas. Co.*, 19 A D 2d 141, affd. 14 N Y 2d 714.) Concur — Markewich, J. P., Murphy, Steuer and Tilzer, JJ.; Kupferman, J., dissents and would affirm on the opinion of Mr. Justice Samuel M. Gold at Trial Term.