■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.—Order, Supreme Court, New York County (Beverly S. Cohen, J.) entered March 16, 1992, which denied the plaintiff's motion for summary judgment, granted the defendant's cross-motion for summary judgment and declared that the defendant, Insurance Company of North America, has no duty to defend or indemnify Dr. Unis, a defendant in the underlying medical malpractice action, entitled *Conelli v Columbia Univ.* (Sup Ct, Kings County, index No. 12866/86), unanimously reversed, on the law, with costs, plaintiff's motion is granted and the defendant's cross-motion is denied. It is hereby adjudged and declared that the defendant is obligated to defend Dr. Unis, to the extent of two-thirds of the cost incurred in connection with Dr. Unis' defense in the above medical malpractice action, and indemnify same to the extent of two-thirds of all sums which Dr. Unis shall become legally obligated to pay as damages in the above action, up to

the limits of the policy issued by the defendant to the Trustees of Columbia University bearing policy number SCG GO 313149-A.

In 1985, Dr. Unis, an orthopedic surgeon, was employed by Columbia University Health Service as its orthopedic consultant. Pursuant to his agreement with the University, Dr. Unis received a flat fee to see Health Service patients at the Columbia Health Service facility two to three hours a week and on occasion, to see Columbia Health Service patients at his office. On March 22, 1985, Maria Ann Conelli a Columbia University Student, met with Dr. Richard Carlson, Director of Health Service at Columbia University, at the Health Service Facility. Upon examining Ms. Conelli, Dr. Carlson determined that she should be seen by an orthopedic surgeon immediately. Although Dr. Unis was due to have office hours at the Health Service facility within a few hours of Ms. Conelli's initial examination, Dr. Carlson arranged for her to see Dr. Unis immediately, at Dr. Unis' office. While Dr. Unis examined Ms. Conelli at his office, he did not bill Ms. Conelli as he regarded her as a patient of the Health Service facility, to whom he rendered services pursuant to his agreement with Columbia.

Ms. Conelli commenced the malpractice action, which underlies this declaratory judgment action, in January 1986, against Columbia University, Columbia University Health Service, Dr. Carlson and Dr. Unis. Plaintiff alleged that the defendants failed to detect a spinal cord lesion which resulted in permanent sexual dysfunction and permanent bowel and bladder conditions. Upon being served with the summons and complaint, Columbia University Health Service and Dr. Carlson notified Columbia's insurer, Insurance Company of North America (INA). Dr. Unis was served separately and consequently notified his personal malpractice carrier, National Union Fire Insurance Company of Pittsburgh (National Union).

It is not disputed that defendant INA issued a $2,000,000 policy of insurance to the Columbia Health Service facility which covered Dr. Unis in his capacity as an employee "while acting within the scope of his duties as such". It is significant therefore that the complaint served in the underlying malpractice action alleged that Dr. Unis examined Ms. Conelli both in his individual capacity and in his capacity as an employee of Columbia University Health Service. It is also not disputed that plaintiff in this action, National Union, issued a $1,000,000 malpractice policy covering Dr. Unis individually.

Consequently National Union initially undertook the representation of Dr. Unis in the malpractice action.

Plaintiff National Union commenced this declaratory judgment action seeking a declaration that the defendant INA has an obligation to wholly assume, or in the alternative to contribute to the defense and indemnification of Dr. Unis in the medical malpractice action. National Union then moved for summary judgment seeking a declaration that the INA policy issued to Columbia extends to Dr. Unis, and that therefore INA is obligated to pay: (a) two-thirds of all sums which Dr. Unis shall become legally obligated to pay as damages in the *Conelli* action and (b) two-thirds of all costs incurred with respect to the defense of the *Conelli* action provided to Dr. Unis, subject to the $2,000,000 limit of the INA policy. INA cross-moved for summary judgment contending that it never received timely notice of the malpractice action from Dr. Unis and that the services provided by Dr. Unis to Ms. Conelli, having been rendered at his office, were private and therefore excluded from coverage by its policy's terms.

The IAS Court erred in granting defendant's cross-motion for summary judgment upon the finding that defendant INA did not receive timely notice from Dr. Unis. It has been held that where two claimants are similarly situated notice by one claimant may be deemed applicable to the other *(MVAIC v United States Liab. Ins. Co.,* 33 AD2d 902; *see generally, Delco Steel Fabricators v American Home Assur. Co.,* 40 AD2d 647, *affd* 31 NY2d 1014). It is not disputed that Columbia University Health Service forwarded the Conelli complaint to its insurer INA. The Conelli complaint alleged that Dr. Unis treated Ms. Conelli both in his private capacity and in his capacity as an employee of the Columbia University Health Service. Insofar as Dr. Unis was sued as an employee of Columbia, he and defendant's insured are united in interest, as no cross-claims have been interposed in the underlying malpractice action *(cf., Delco Steel Fabricators v American Home Assur. Co., supra).*

Defendant's reliance on the exclusion in its policy, contained in endorsement number 12 thereto, is unavailing. It is well settled that any exclusions or exceptions from a policy's coverage must be specific and clear in order to be enforced. Such exclusions are not to be extended by interpretation or implication but are to be accorded a strict and narrow construction *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). The exclusion relied on by the defendant, in pertinent part,

states that, "the insurance provided by this policy does not apply to bodily injury arising out of * * * activities conducted at or services performed at a teaching hospital or regular patient care facility other than a student/employee health care facility". Dr. Unis' office is clearly not a teaching hospital and we decline to find that the doctor's office could be viewed as a regular patient care facility for the purposes of this exclusion. Therefore we find that the exclusion does not apply to the treatment rendered to Ms. Conelli at Dr. Unis' office.

A declaration that there is no obligation to defend is properly made only if it could be concluded, as a matter of law, that there is no possible factual or legal basis on which the insurer might eventually be held obligated to indemnify the insured under any provision of the insurance policy (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876). Defendant INA has failed to establish any such basis as would warrant summary judgment in its favor. Concur—Wallach, J. P., Kupferman, Ross and Rubin, JJ.