■ AARON J. ROSEN et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. NEW YORK CITY TRANSIT AUTHORITY et al., Third-Party Plaintiffs-Respondents, v NAB CONSTRUCTION CORPORATION, Third-Party Defendant, and NATIONAL UNION FIRE INSURANCE COMPANY, Third-Party Defendant-Appellant. [666 NYS2d 594] —Order, Supreme Court, New York County (Louis York, J.), entered on or about November 1, 1996, which, in a third-party action seeking a declaration that third-party defendant insurer is obligated to defend and indemnify third-party plaintiffs additional insureds in an underlying action for personal injuries, insofar as appealed from as limited by the insurer's brief, denied the insurer's cross motion for summary judgment declaring that it is not so obligated, unanimously affirmed, with costs.

As the IAS Court pertinently noted, the insurer, asserting lack of timely notice, disclaimed coverage of the additional insureds before the latter had asserted any claims against the primary insured. Therefore, at the time of such disclaimer, the notice given by the primary insured was applicable as well to the additional insureds (*see, National Union Fire Ins. Co. v Insurance Co.*, 188 AD2d 259, 261, *lv denied* 81 NY2d 709). Nor does the insurer demonstrate any prejudice attributable to the additional insureds' late notice or other "sound reason" for excusing its performance (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 584). Accordingly, the determinative issue is the timeliness of the notice provided by the primary insured, as to which disclosure is needed. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.