■ STRUCTURE TONE, INC., Appellant, v BURGESS STEEL PRODUCTS CORP. et al., Defendants, and JWP FOREST ELECTRIC CORP. et al., Respondents. [672 NYS2d 33] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about January 10, 1997, which, *inter alia*, granted the motion of defendants JWP Forest Electric Corp. (JWP) and Insurance Company of North America (INA) for summary judgment dismissing the complaint as against them, and denied plaintiff's cross motion for summary judgment declaring that JWP and INA were obligated to defend it in the underlying personal injury action, unanimously affirmed, without costs.

The contract between plaintiff, as general contractor, and JWP, as subcontractor, did not make any reference to deduct-

ibles and only provided, insofar as is relevant here, that JWP was to bear the cost of defense and procure liability coverage in the amount of $4 million. Accordingly, in light of JWP's concession that it is obligated to pay any insurance deductibles and to abide by the provision of the subject policy obligating it to bear the cost of defending any insured, the coverage purchased by JWP which, in the aggregate, exceeded $4 million, comported with the parties' agreement, notwithstanding its deductible of $500,000. Additionally, the claims against JWP are dismissible as duplicative of those asserted in another action pending against JWP (*see,* CPLR 3211 [a] [4]).

With respect to the notice issues, although the subject insurance policy expressly required plaintiff, as additional insured, to timely forward all legal documents, plaintiff did not do so (*see, Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, 502). Even if the insurance policy were construed as specifying that only the named insured (JWP) was required to provide notice of occurrences, demands and suits to INA, the duty to give reasonable notice as a condition of recovery is implied in all insurance contracts (*see, Greater N. Y. Mut. Ins. Co. v Farrauto,* 136 AD2d 598, 599), and is applicable to an additional insured (*see, Delco Steel Fabricators v American Home Assur. Co.,* 40 AD2d 647, *affd* 31 NY2d 1014).

INA's disclaimer of a duty to defend or indemnify, issued 38 days after plaintiff's own untimely notice, was not unreasonable in light of the unrefuted showing of a prompt, diligent and good faith investigation of the claim by INA (*see, Allstate Ins. Co. v Aetna Cas. & Sur. Co.,* 191 AD2d 665, 666, *lv denied and dismissed* 82 NY2d 744). In this connection, we note that the prior notice of the underlying action given to INA by JWP did not constitute notice from plaintiff, since plaintiff took a position adverse to JWP in the action (*see, Delco Steel Fabricators v American Home Assur. Co., supra,* 40 AD2d, at 648). Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.