■ EDWARD N. ROSE, JR., et al., Claimants, v STATE OF NEW YORK, Defendant and Third-Party Claimant-Respondent. MARYLAND CASUALTY COMPANY, Third-Party Defendant-Appellant. [696 NYS2d 527] —In a claim to recover damages for personal injuries and wrongful death, etc., the third-party defendant, Maryland Casualty Company, appeals from an order of the Court of Claims (Silverman, J.), dated April 22, 1998, which denied its motion for summary judgment dismissing the third-party claim seeking a judgment declaring that it is obligated to defend and indemnify the defendant third-party claimant State of New York, and granted the cross motion of the State of New York for summary judgment on the third-party claim.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Court of Claims for entry of an appropriate judgment severing the third-party claim and declaring that the appellant is obligated to defend and indemnify the State of New York in the underlying claim.

The Court of Claims correctly determined that the third-party defendant, Maryland Casualty Company (hereinafter the appellant), is obligated to defend and indemnify the defendant third-party claimant, State of New York, in the underlying claim. Although the appellant disclaimed coverage on the ground that the State had not provided it with timely notice of the occurrence, the appellant had received timely notice of the occurrence from nonparty Hendrickson Bros., Inc./Newborn Construction, Inc. (hereinafter Hendrickson), which had been required to procure and maintain, *inter alia*, bodily injury and property damage liability insurance for the State. Under the facts of this case, the State was similarly situated to Hendrickson, and therefore, the notice provided by Hendrickson is deemed applicable to the State (*see, National Union Fire Ins. Co. v Insurance Co.,* 188 AD2d 259, 261; *Rosen v City of New York,* 245 AD2d 202; *MVAIC v United States Liab. Ins. Co.,* 33 AD2d 902). The matter is remitted to the Court of Claims for the entry of an appropriate judgment in the third-party claim (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.