■ National Union Fire Insurance Company of Pittsburgh, Pa., Respondent, v State Insurance Fund, Appellant. [699 NYS2d 111] —In an action for a judgment declaring, *inter alia,* that the defendant is obligated to repay the plaintiff the money spent to settle an action entitled *Daza v City of New York* in the Supreme Court, Kings County, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered January 14, 1998, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the defendant is obligated to repay the plaintiff the money spent to settle the action entitled *Daza v City of New York.*

The City of New York entered into a contract with EMD Construction Corp. (hereinafter EMD) to renovate a building in the Bronx. The plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union), issued a general liability policy, purchased by EMD, which named the City as an insured. National Union also issued a policy which insured EMD against contractually-assumed liabilities. The defendant State Insurance Fund (hereinafter SIF) issued a workers' compensation and employers' liability policy to EMD which provided coverage for common-law claims, including common-law indemnification.

In March 1990 Christian Daza, an EMD employee, was injured on the worksite. National Union received notice of the accident from EMD in June 1990. Daza commenced a lawsuit against the City by summons and complaint dated June 26, 1990, and the City commenced a third-party action against EMD in 1991. National Union provided a defense for EMD in the third-party action under policy GL 817-23-28. In March 1994, for the first time, the City requested defense and indemnification from National Union under GL 817-24-00 in the *Daza* lawsuit. National Union disclaimed coverage on the ground that the City failed to comply with the notice provisions of the policy. The *Daza* action was ultimately settled for $175,000. National Union and SIF stipulated that the settlement amount was fair and reasonable, that EMD was 99% "actively negligent", and that the City was 1% "actively negligent".

National Union paid the judgment on behalf of EMD. In the action at bar, National Union seeks to recover from SIF its costs of defending the *Daza* action. The Supreme Court granted National Union's motion for summary judgment, determining that SIF was obligated to repay National Union for its costs in connection with the *Daza* action. We affirm.

The Supreme Court properly rejected the contention of SIF that the National Union disclaimer of coverage for the City under GL 817-24-00 was invalid. The City did not notify National Union of the accident or seek coverage under the policy until four years after the accident, which constitutes untimely notice as a matter of law (*see, Khan v Convention Overlook,* 253 AD2d 737; *Thomson v Power Auth.,* 217 AD2d 495). No excuse was provided by the City for this delay. Absent a valid excuse, the failure to satisfy the notice requirement vitiates the policy (*see, American Home Assur. Co. v International Ins. Co.,* 90 NY2d 433, 440; *Deso v London & Lancashire Indem. Co.,* 3 NY2d 127).

Further, under the circumstances of this case, we find no merit to SIF's contention that the notice provided to National Union by EMD under its policy GL 817-23-28 was effective notice on behalf of the City under policy GL 817-24-00, as the City and EMD held adverse positions in the litigation (*see, Structure Tone v Burgess Steel Prods. Corp.,* 249 AD2d 144; *Delco Steel Fabricators v American Home Assur. Co.,* 40 AD2d 647, *affd* 31 NY2d 1014; *cf., Aetna Cas. & Sur. Co. v National Union Fire Ins. Co.,* 251 AD2d 216).

Since National Union disclaimed coverage of the City under policy GL 817-24-00, the third-party action in which the City sued EMD did not violate the antisubrogation rule (*see, National Union Fire Ins. Co. v State Ins. Fund,* 222 AD2d 369; *see generally, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281). The concern addressed by the antisubrogation rule that an insurer on both sides of a third-party action may manipulate the litigation is not implicated here. The City participated in the *Daza* litigation for three years and commenced the third-party action against EMD before it even sought coverage under its policy with National Union (*cf., National Cas. Co. v State Ins. Fund,* 227 AD2d 115).

We agree with National Union that, in view of the stipulation that the City was 1% "actively negligent", the indemnification agreement in the contract between EMD and the City was unenforceable (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786; *cf., Brown v Two Exch. Plaza Partners,* 76 NY2d 172; General Obligations Law § 5-322.1). Contrary to SIF's contention, National Union may raise this argument on appeal (*see, Menorah Nursing Home v Zukov,* 153 AD2d 13, 19; *see also, Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488). Since the City did not have a valid contractual indemnification claim against EMD, National Union was not obligated under its policy to pay the judgment on behalf of EMD. Instead, SIF was obligated to provide coverage under EMD's policy covering common-law indemnification claims. Accordingly, the Supreme Court properly granted National Union's motion for summary judgment.

We note that since this is a declaratory judgment action, the Supreme Court shall enter a declaration against the defendant declaring that it was obligated to reimburse National Union for the money spent to settle the *Daza* action (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., Altman, Luciano and Smith, JJ., concur.