■ New York Telephone Company, Respondent, v Travelers Casualty and Surety Company of America, as Successor in Interest to Aetna Casualty and Surety Company, et al., Defendants, and Time Warner Inc. et al., Appellants. [719 NYS2d 648] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 13, 2000, which, *inter alia*, granted the motion of plaintiff New York Telephone Company for summary judgment, declaring that, as an additional insured under defendant-appellant Time Warner's commercial general liability policy, plaintiff is entitled to be defended and, if necessary, indemnified by Time Warner's insurer, defendant Travelers Casualty and Surety Company of America, in the underlying personal injury action, unanimously affirmed, with costs.

Time Warner's forwarding of the summons and complaint in the underlying personal injury action to its carrier Travelers constituted timely notice to Travelers of the occurrence involving New York Telephone, an additional insured under the Travelers policy issued to Time Warner and the only insured party under that policy against whom the summons and complaint had been served (*cf., Delco Steel Fabricators v American Home Assur. Co.*, 40 AD2d 647, *affd* 31 NY2d 1014). Inasmuch as Time Warner's interests were not adverse to those of New York Telephone at the time the summons and complaint were forwarded to Travelers, the notice provided by Time Warner's forwarding of the summons and complaint sufficed to defeat the carrier's affirmative defense of late notice (*see, Rose v State of New York*, 265 AD2d 473; *National Union Fire Ins. Co. v Insurance Co.*, 188 AD2d 259, *lv denied* 81 NY2d 709). Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.