■ CITY OF NEW YORK et al., Appellants, v CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, Respondent, et al., Defendants. [742 NYS2d 330] —In an action for a judgment declaring the rights of the parties concerning a comprehensive general liability insurance policy, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 28, 2000, which denied their motion for partial summary judgment on their first and second causes of action and granted the cross motion of the defendant Certain Underwriters at Lloyd's of London, England, Who Subscribe to Policy No. RA033320L, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The appellants City of New York (hereinafter the City) and Brooklyn Navy Yard Development Corporation (hereinafter Brooklyn Navy Yard) are defendants in an underlying action. Where two or more insureds are defendants in the same action, notice of the lawsuit provided by one insured will be deemed notice on behalf of both insureds only where the two parties are united in interest or where there is no adversity between them (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund,* 266 AD2d 518; *Delco Steel Fabricators v American Home Assur. Co.,* 40 AD2d 647, *affd* 31 NY2d 1014). Here, the Brooklyn Navy Yard provided its insurance carrier, the defendant Certain Underwriters at Lloyd's of London, England, Who Subscribe to Policy No. RA033320L (hereinafter Lloyd's) with notice of the underlying lawsuit, but the City, an additional insured under the policy, did not provide independent notice to Lloyd's. Contrary to Lloyd's contention, the Supreme Court erred in granting the motion for summary judgment dismissing the complaint insofar as asserted against it since there are issues of fact as to whether the plaintiffs have adverse interests. Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.