(March 8, 2004)

■ GERALDINE AMBROSIO et al., Plaintiffs, v NEWBURGH ENLARGED CITY SCHOOL DISTRICT, Defendant. (Action No. 1.) NEWBURGH ENLARGED CITY SCHOOL DISTRICT, Respondent, v HANOVER INSURANCE COMPANY, Appellant, and WALLKILL KENNEL CLUB, INC., et al., Respondents. (Action No. 2.) [774 NYS2d 153]—

In related actions to recover damages for personal injuries, etc. (Action No. 1), and for a judgment declaring that Hanover Insurance Company is obligated to defend and indemnify Newburgh Enlarged City School District in Action No. 1 (Action No. 2), Hanover Insurance Company appeals from an order of the Supreme Court, Orange County (Berry, J.), dated November 4, 2002, which denied its motion for summary judgment dismissing the complaint and all cross claims in Action No. 2 insofar as asserted against it and granted the cross motion of Newburgh Enlarged City School District for summary judgment in that action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment in Action No. 2 declaring that Hanover Insurance Company is obligated to defend and indemnify Newburgh Enlarged City School District in Action No. 1.

In Action No. 2, the Newburgh Enlarged City School District (hereinafter the School District) seeks, inter alia, a declaration that Hanover Insurance Company (hereinafter Hanover) is obligated to defend and indemnify it as an additional insured in connection with an underlying personal injury action, Action No. 1. The School District had leased specified areas of the Temple Hill Academy School (hereinafter the School) to the Wallkill Kennel Club, Inc. (hereinafter the Kennel Club), for a dog show on July 11, 1999. The Kennel Club procured an endorsement from Hanover, its general liability insurer, naming the School District as an additional insured with respect to liability arising out of the "ownership, maintenance or use of that part of the premises leased to [the Kennel Club]." The additional insured endorsement identified the leased premises as "USING FIELDS, AUDITORIUM, TEACHERS LUNCH ROOM AND REST ROOMS" at the School.

The injured plaintiff in Action No. 1, a member of the Kennel Club, allegedly sustained injuries when she tripped and fell on a raised sidewalk outside the front entrance to the School while en route from a hospitality room within the School to the dog

show on the School's grounds. She and her husband commenced Action No. 1 against the School District. Hanover disclaimed coverage on the grounds that (1) the location where the plaintiff fell was not covered by the additional insured endorsement, and (2) notice of occurrence was untimely. Thereafter, the School District commenced Action No. 2, seeking a judgment declaring that Hanover was obligated to defend and indemnify it in Action No. 1, and against the Kennel Club for its failure to obtain insurance and for a defense and indemnification. The School District named the plaintiffs in Action No. 1 as interested parties. The Supreme Court denied Hanover's motion to dismiss the complaint insofar as asserted against it and granted the School District's cross motion, holding that Hanover was obligated to defend and indemnify the School District in Action No. 1. Hanover appeals, and we affirm.

The Supreme Court correctly determined that, contrary to Hanover's claim, the policy endorsement provided coverage to the School District for exactly the type of liability incurred by the School District in Action No. 1 (see ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990 [1997]; New York Convention Ctr. Operating Corp. v Cerullo World Evangelism, 269 AD2d 275, 276 [2000]; Maggio v Frank Mercogliano, Inc., 262 AD2d 612, 613 [1999]). Although the sidewalk where the injured plaintiff fell was not specifically named in the endorsement as leased premises, its use was incidental to the covered premises as a means of getting from the rooms within the School to the fields where the dog show was being held.

Hanover argues that the School District gave late notice of the "occurrence" since it waited 11 months after the accident before sending notice. The insured and additional insured have independent duties to Hanover to provide timely notice of an occurrence to the insurer (see Structure Tone v Burgess Steel Prods. Corp., 249 AD2d 144, 145 [1998]). In this instance, however, where the Kennel Club was neither named as a defendant nor impleaded in Action No. 1, timely notice of the occurrence provided by the Kennel Club to Hanover a few weeks after the accident is deemed notice of the occurrence by the School District, because the Kennel Club and School District were not adverse to each other (see New York Tel. Co. v Travelers Cas. & Sur. Co. of Am., 280 AD2d 268 [2001]; Rose v State of New York, 265 AD2d 473, 474 [1999]; Rosen v City of New York, 245 AD2d 202, 203 [1997]).

Hanover also argues that the School District provided a late notice of the claim. The record indicates that the School District first provided Hanover with written notice of the claim against

it at least eight months after it had received notice of claim from the plaintiffs in Action No. 1. Hanover is estopped from asserting this defense because it failed to include this ground in its disclaimer letter to the School District (*see General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]; *Shapiro Realty Co. v Agricultural Ins. Co.*, 287 AD2d 389 [2001]; *Hazen v Otsego Mut. Fire Ins. Co.*, 286 AD2d 708, 709 [2001]).

Accordingly, the Supreme Court properly denied the motion and granted the cross motion.

Hanover's remaining contentions are without merit. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.