■ State Insurance Fund, Appellant, v Utica First Insurance Co., Respondent. [807 NYS2d 351]—

Oder, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 25, 2004, which, inter alia, granted defendant's motion for summary judgment and dismissed the complaint, unanimously modified, on the law, to declare in defendant's favor that its disclaimer of coverage based on the subject policy's employee exclusion was proper, and otherwise affirmed, with costs in favor of defendant payable by plaintiff.

Although defendant's initial disclaimer notice erroneously indicated that the insurance policy was not in effect at the time of the accident, it also clearly advised that the denial of coverage was additionally premised on the policy's employee exclusion, which provided that the company would not pay for bodily injury to an employee of an insured if the injury was sustained in the course of employment. Accordingly, the disclaimer was not ambiguous and was properly applied to bar coverage (*see Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435 [2002]; *cf. Consolidated Edison Co. of N.Y. v Hartford Ins. Co.*, 203 AD2d 83 [1994]). Since the disclaimer provided two separate bases for denying coverage and defendant never sought to change its position to rely on a ground not set forth in its disclaimer, defendant's reliance on the employee exclusion was never waived (*cf. Mutual Redevelopment Houses v Greater N.Y. Mut. Ins. Co.*, 204 AD2d 145 [1994], *lv denied* 86 NY2d 710 [1995]).

As the court found, defendant was not required to send a separate disclaimer notice to The Estates, the party that actually sued the insured and was indemnified by plaintiff (*see Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460, 462 [2002]; *Excelsior Ins. Co. v Antretter Contr. Corp.*, 262 AD2d 124, 127 [1999]). In any event, once defendant was notified of additional potential claimants, it promptly responded by sending its disclaimer to The Estates' insurer and attorneys.

We have considered plaintiff's remaining contentions and find them unavailing.

We modify only to declare in defendant's favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Concur—Sullivan, J.P., Nardelli, Catterson, McGuire and Malone, JJ.