■ 23-08-18 JACKSON REALTY ASSOCIATES et al., Appellants, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. [863 NYS2d 35]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in two underlying actions entitled *Sheehan v Integrity Constr. & Consulting Servs.* and *Crosby v 23-08-18 Jackson Realty Assoc.,* pending in the Supreme Court, Queens County, under index No. 15366/02 and index No. 20615/02, respectively, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), entered June 11, 2007, which denied that branch of their motion which was for summary judgment declaring that the defendant is obligated to defend and indemnify them in the underlying action entitled *Sheehan v Integrity Constr. & Consulting Servs.* pending in the Supreme Court, Queens County, under index No. 15366/02.

Ordered that the order is affirmed, with costs.

The plaintiffs are the owners of certain premises in Queens. They hired nonparty Integrity Construction and Consulting Services (hereinafter Integrity) to perform renovation work on the premises. The agreement between the parties obligated Integrity to purchase liability insurance for the project and name the plaintiffs as additional insureds. Integrity obtained such coverage from the defendant Nationwide Mutual Insurance Company (hereinafter Nationwide). As relevant here, the policy entitled Nationwide to notice "as soon as practicable" of both (1) an "occurrence" (i.e., an accident) which might result in a "claim," and (2) of a "claim" or "suit" brought against any insured.

During the renovation project, two workers Richard Sheehan and David Crosby allegedly were injured. Thereafter, each com-

menced an action against both Integrity and the plaintiffs to recover damages for personal injuries. The plaintiffs, as additional insureds under the policy issued to Integrity, made a demand that Nationwide defend and indemnify them in the actions. Nationwide disclaimed coverage, citing the notice provisions described above.

The plaintiffs then commenced this action for a declaration that Nationwide was obligated to defend and indemnify them in the two underlying personal injury actions. In their moving papers, among other things, the plaintiffs claimed that immediately after the occurrence, Mark Graue, a principal of Integrity, assured the plaintiff Yuri Kandov that he (Graue) would notify Nationwide. The plaintiffs also asserted that Nationwide agreed to defend and indemnify Integrity in the underlying actions. Nationwide did not deny that it received the required notices from Integrity, or that it agreed to defend and indemnify Integrity. Instead, Nationwide contended that the plaintiffs were obligated under the policy to furnish the carrier with timely notices, and that they had failed to do so.

Addressing only that branch of the plaintiffs' motion as pertains to Sheehan's lawsuit, the Supreme Court determined that the plaintiffs had a duty under the policy to notify Nationwide of the occurrence and of the lawsuit. The court further held that the plaintiffs failed to make a prima facie showing that they furnished the relevant notices "as soon as practicable," and thus denied that branch of the motion. We affirm, although, as noted below, we cannot conclude on the current record that the plaintiffs had a duty, as a matter of law, to furnish Nationwide with the requisite notices.

Here, contrary to the plaintiffs' contention, Nationwide's disclaimer of coverage was not limited to the plaintiffs' alleged failure to furnish timely notice of the claim or suit (*see Abreu v Huang,* 300 AD2d 420 [2002]). Rather, it also encompassed the plaintiffs' alleged failure to furnish timely notice of the occurrence, i.e., the accident.

The plaintiffs, as additional insureds, had an implied duty, independent of Integrity, to provide Nationwide with the notices required under the policy, i.e., notice "as soon as practicable" of both the "occurrence" and of any "claim" or "suit" arising therefrom (*see City of New York v St. Paul Fire & Mar. Ins. Co.,* 21 AD3d 978, 981 [2005]; *Ambrosio v Newburgh Enlarged City School Dist.,* 5 AD3d 410, 412 [2004]; *Sayed v Macari,* 296 AD2d 396, 397 [2002]; *City of New York v Certain Underwriters at Lloyd's of London,* 294 AD2d 391 [2002]; *Structure Tone v Burgess Steel Prods. Corp.,* 249 AD2d 144, 145 [1998]; *see also*

*Ell Dee Clothing Co. v Marsh*, 247 NY 392, 396 [1928]). "The fact that an insurer may have received notice of the claim from the primary insured, or from another source, does not excuse an additional insured's failure to provide notice" (*City of New York v St. Paul Fire & Mar. Ins. Co.*, 21 AD3d 978, 981 [2005]).

However, there are situations in which timely notice furnished by one insured may be deemed timely notice by another. Where two or more insureds are defendants in the same action, notice of the occurrence or of the lawsuit provided by one insured will be deemed notice on behalf of both insureds only where the two parties are united in interest or where there is no adversity between them (*see Ambrosio v Newburgh Enlarged City School Dist.*, 5 AD3d 410, 412 [2004] [occurrence]; *Sayed v Macari*, 296 AD2d 396, 397 [2002] [occurrence]; *City of New York v Certain Underwriters at Lloyd's of London*, 294 AD2d 391 [2002] [lawsuit]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund*, 266 AD2d 518, 519-520 [1999] [occurrence]; *Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144, 145 [1998] [lawsuit]; *Delco Steel Fabricators v American Home Assur. Co.*, 40 AD2d 647, 648 [1972], *affd* 31 NY2d 1014 [1973] [occurrence and lawsuit]).

In this case, the plaintiffs failed to make a prima facie showing that, in Sheehan's personal injury lawsuit, they are united in interest with Integrity (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the subject branch of the motion which was for summary judgment should have been denied for this reason alone, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). On the current record, there remain questions of fact on this issue; accordingly, the Supreme Court should not have made a determination that the plaintiffs had a duty, as a matter of law, to furnish Nationwide with the required notices.

We note that even assuming that it may be said at this stage of the action that the plaintiffs had a responsibility to furnish the required notices, independent of Integrity, the Supreme Court correctly concluded that the plaintiffs failed to make a prima facie showing that they did so "as soon as practicable," in accordance with the policy (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

To the extent that the plaintiffs raise any issues with respect to that branch of their motion which was for summary judgment declaring that Nationwide is obligated to defend and indemnify them in the underlying action entitled *Crosby v 23-08-18 Jackson Realty Assoc.*, pending in the Supreme Court,

Queens County, under index No. 20615/02, we note that such issues are not properly before us, as that branch of the plaintiffs' motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.