CHELSEA VILLAGE ASSOCIATES et al., Respondents-Appellants, v U.S. UNDERWRITERS INSURANCE COMPANY, Appellant-Respondent, et al., Defendants. (And a Third-Party Action.) [919 NYS2d 163]—

Chelsea Village satisfied its notice obligations under the U.S. Underwriters policy by submitting notice of claim on April 30, 2007, via a "series of intermediaries" (see *U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 369 F3d 102, 105 [2d Cir 2004]; see also *U.S. Underwriters Ins. Co. v Falcon Constr. Corp.*, 2003 WL 22019429, *5-6, 2003 US Dist LEXIS 14817, *15-16 [SD NY 2003]).

Contrary to Chelsea Village's contention, defendant's May 17, 2007 denial of coverage under the policy was not rendered "invalid" by the fact that its April 30, 2007 letter stated that the policy did not provide coverage to Chelsea Village (see *State Ins. Fund v Utica First Ins. Co.*, 25 AD3d 388, 388 [2006]). In addition to the erroneous statement that Chelsea Village was not an insured under the policy, in the April 30, 2007 letter, defendant asserted several other grounds for denying coverage, including a policy exclusion for bodily injury to any employee of any insured. In the May 17, 2007 letter, in response to a letter from Chelsea Village's broker, defendant acknowledged that Chelsea Village was an additional insured under the policy, and reiterated the other grounds for the denial of coverage. Thus, rather than changing its position to rely on a ground not stated in the April 30, 2007 denial, in the May 17, 2007 letter, defendant merely

retracted one of the grounds set forth in the April 30, 2007 letter.

We have considered Chelsea Village's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and Freedman, JJ.