■ CITY OF NEW YORK, Respondent, v ZURICH AMERICAN INSURANCE COMPANY, Appellant. [985 NYS2d 510]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 11, 2013, which granted the motion of plaintiff City of New York (City) for summary judgment declaring that defendant Zurich American Insurance Company was obligated to defend the City in an underlying action, unanimously affirmed, without costs.

The underlying plaintiff alleged that he was injured when exposed to chlorine and other toxins at a work site while he was employed by Skanska Mechanical and Structural, Inc. (Skanska). Skanska contracted with the City to perform reconstruction and rehabilitation at the work site, and maintained a commercial general liability insurance policy with Zurich, listing Skanska as a named insured and the City as an additional insured.

Here, the City's January 31, 2011 email to Skanska's counsel, provided sufficient information for Zurich to timely disclaim coverage. The City's email stated "[k]indly please forward this onto the right carrier," and requested that Skanska's insurance carrier "pick it up now." Counsel for Skanska forwarded this email and attachment in its entirety to an employee of Skanska's insurance broker, requesting that the information be sent "to the right person," and suggesting that in the event that "the City is entitled to indemnity and or AI coverage, a take over would make the third party action a nullity."

Although Zurich contends that counsel for Skanska was not its "agent," notice may be provided through intermediaries where the policy, as here, merely requires that an additional

insured "see to it" that the insurer receives notice (*see Chelsea Vil. Assoc. v U.S. Underwriters Ins. Co.*, 82 AD3d 617 [1st Dept 2011]; *Industry City Mgt. v Atlantic Mut. Ins. Co.*, 64 AD3d 433 [1st Dept 2009]; *Bovis Lend Lease LMB Inc. v Garito Contr., Inc.*, 38 AD3d 260, 261 [1st Dept 2007]). While there is a dispute as to whether the City's email included a copy of the original complaint, in addition to the third-party complaint, "[i]nconsistent information is information nonetheless" (*United States Underwriters Ins. Co. v City Club Hotel, LLC*, 369 F3d 102, 108 n 5 [2d Cir 2004]). The record also demonstrates that Zurich did have prior notice of the underlying action, and to the extent Zurich could possibly have had any uncertainty as to whether the City was seeking a defense, "nothing in the record suggests that [Zurich] made any attempt to contact [Skanska or the City] to clear up any uncertainty [it] may have had" (*id.*).

Accordingly, under the circumstances presented, Zurich's disclaimer of coverage more than one year after it received the City's communications, was untimely as a matter of law. Concur—Tom, J.P., Acosta, Andrias, DeGrasse and Richter, JJ.