Lindley and Valentino, JJ.
(dissenting). We respectfully dissent. In our view, plaintiff failed to provide timely notice of an occurrence to Aspen Insurance UK Limited, c/o Aspen Specialty Insurance Management Company (defendant) and, as a result of that failure, plaintiff is not entitled to coverage as an additional insured under the policy issued by defendant to the subcontractor, defendant Hub-Langie Paving, Inc. (Hub-Langie). We would therefore modify the judgment by denying that part of defendant’s motion seeking to dismiss the declaratory judgment cause of action, reinstating that cause of action, and granting judgment to defendant by declaring that defendant has no duty to defend or indemnify plaintiff, and otherwise affirm.
“As an additional insured under the policy issued by defendant, plaintiff had, in the absence of an express duty, an implied duty, independent of the named insured’s obligation, to provide defendant with timely notice of the occurrence for which it seeks coverage” (City of New York v Investors Ins. Co. of Am., 89 AD3d 489, 489 [2011]; see 23-08-18 Jackson Realty Assoc. v Nationwide Mut. Ins. Co., 53 AD3d 541, 542 [2008]; Structure Tone v Burgess Steel Prods. Corp., 249 AD2d 144, 145 [1998]). Where, as here, a contract of primary insurance requires notice “as soon as practicable” after an occurrence, “the absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract” (Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339 [2005]; see Great Canal Realty Corp. v Seneca Ins. Co., Inc., *1395 5 NY3d 742, 743 [2005]; Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 440-443 [1972]).
We agree with the majority that the December 2009 letter to plaintiff from the attorney of defendant Shane VanDerwall was, under the terms of the policy in question, “notice of an occurrence . . . which may result in a claim,” and not notice of a claim, inasmuch as VanDerwall’s attorney did not make a demand for payment or advise that legal action against plaintiff would be forthcoming (see Matter of Reliance Ins. Co., 55 AD3d 43, 47 [2008], affd 12 NY3d 725 [2009]). We further agree with the majority that, pursuant to the policy, notice of occurrence need not be provided directly from the insured to the insurer; rather, as the majority points out, the insured need only “see to it” that the insurer is notified of the occurrence. We do not agree with the majority, however, that the January 27, 2010 letter from plaintiffs liability carrier to Hub-Langie, which was subsequently sent to defendant by Hub-Langie, constituted notice of an occurrence under the terms of the policy.
As the majority points out, the policy provides that the insured “must see to it that we are notified as soon as practicable of an ‘occurrence’ or an offense that may result in a claim.” (Emphasis omitted.) In our view, however, the January 27, 2010 letter received by defendant via Hub- Langie did not notify defendant of an occurrence that may result in a claim under the policy. Instead, the letter merely stated that plaintiff was seeking defense and indemnification from Hub-Langie pursuant to the indemnification provision of the subcontract. The letter does not indicate that plaintiff is seeking coverage directly from defendant as an additional insured on the policy issued by defendant to Hub-Langie, nor does it ask Hub-Langie to provide notice of any kind to defendant on plaintiffs behalf. Moreover, there is no indication in the record that plaintiff knew that the January 27, 2010 letter had been forwarded to defendant by Hub-Langie.
It is clear from the record that, when the January 27, 2010 letter was sent to Hub-Langie, plaintiff and its liability carrier did not realize that plaintiff was an additional insured on the policy issued by defendant to Hub-Langie. The letter repeatedly refers to “your insurance carrier,” not our insurance carrier, and, as noted, sought indemnification coverage only. Upon receipt of the January 27, 2010 letter, defendant disclaimed coverage to Hub-Langie because of Hub-Langie’s failure to comply with the notice provisions of the policy, and then notified plaintiffs liability carrier of such disclaimer. In the letter to plaintiffs liability carrier notifying it of the disclaimer to Hub *1396 Langie, defendant stated that it had received the January 27, 2010 letter “making a claim of contractual indemnity” against Hub-Langie, and advised that plaintiff had not provided a copy of the contract containing the “claimed indemnity provision.” Plaintiff’s liability carrier did not respond to that letter or otherwise advise defendant that plaintiff was seeking coverage directly from defendant as an additional insured.
Further, there is no evidence in the record that defendant knew that plaintiff was an additional insured under the policy, which did not name plaintiff as an additional insured. Plaintiff was an additional insured simply by virtue of the blanket additional insured endorsement and its subcontract with HubLangie, a copy of which was not provided to defendant. We note that, in the accord form sent to defendant along with the January 27, 2010 letter by Hub-Langie, the insured party was identified as Hub-Langie only.
It was not until May 27, 2010 — more than four months after plaintiff was informed of VanDerwall’s injury, and a month after plaintiff had been sued by VanDerwall — that plaintiff, through its attorney, notified defendant that it was seeking coverage directly from defendant as an additional insured. Defendant promptly disclaimed coverage because of plaintiff’s failure to comply with the notice provisions of the policy, among other reasons. We conclude that, inasmuch as plaintiff clearly did not intend for the January 27, 2010 letter to serve as notice of an occurrence under the policy, and in fact did not even then realize that it was an additional insured under the Hub-Langie policy, the January 27, 2010 letter cannot serve as sufficient notice to defendant of an occurrence that might result in a claim for coverage under the policy by plaintiff (see Liberty Ins. Underwriters, Inc. v Great Am. Ins. Co., 2010 WL 3629470, *5-8, 2010 US Dist LEXIS 97722, *11-23 [SD NY 2010]). We therefore agree with Supreme Court that defendant properly disclaimed coverage to plaintiff.
Present — Scudder, PJ., Peradotto, Garni, Lindley and Valentino, JJ.