■ MARTIN ASSOCIATES, INC., Respondent, et al., Plaintiff, v ILLINOIS NATIONAL INSURANCE COMPANY, Appellant, et al., Defendants. [27 NYS3d 21]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered August 7, 2014, which, to the extent appealed from as limited by the briefs, denied defendant Illinois National Insurance Company's motion for summary judgment declaring that it has no coverage obligation to plaintiff Martin Associates, Inc. in the underlying personal injury action, unanimously reversed, on the law, without costs, the motion granted, and it is declared that Illinois National has no coverage obligation to Martin Associates in the underlying personal injury action. The Clerk is directed to enter judgment accordingly.

The record demonstrates that information disclosed to Martin's intermediaries, i.e., its insurance broker and its attorneys, between October 2006 and March 2011 suggested a reasonable possibility that the underlying personal injury action would exceed Martin's $1 million primary coverage, thereby triggering Martin's obligation to notify its excess insurer, Illinois National (*see Illinois Natl. Ins. Co. v Banc One Acceptance Corp.*, 2008 WL 5423262, \*12, 2008 US Dist LEXIS 104830, \*33 [ND NY, Dec. 29, 2008, No. 05-CV-1260 (NAM/DRH)]). However, none of these intermediaries provided notice of the occurrence to Illinois National (*see Chelsea Vil. Assoc. v U.S. Underwriters Ins. Co.*, 82 AD3d 617 [1st Dept 2011]). The information in its attorneys' possession is imputed to Martin (*Smalls v Reliable Auto Serv.*, 205 AD2d 523, 524 [2d Dept 1994]). Moreover, Martin received a copy of the injured party's notice of claim against the Dormitory Authority in April 2006 and the summons and complaint in the personal injury action in August 2006, both of which it forwarded to its broker; yet it failed to provide notice to Illinois National or take other steps to insure that Illinois National received notice. Thus, Martin's notice to Illinois National in November 2011 was untimely. Illinois National's disclaimer, issued 26 days after it received Martin's notice, was timely as a matter of law (*Mayo v Metropolitan Opera Assn., Inc.*, 108 AD3d 422, 425 [1st Dept 2013], *lv dismissed* 22 NY3d 1125 [2014]).

Contrary to Martin's contention, the notice provided to Il-

linois National by defendant Dormitory Authority of the State of New York and by Zurich American Insurance Company on behalf of defendant Bovis Lend Lease LMB, Inc. was not sufficient to satisfy Martin's own notice obligation, since Martin's interests were at all times adverse to those of the other insureds (*see City of New York v Investors Ins. Co. of Am.*, 89 AD3d 489 [1st Dept 2011]; *New York Tel. Co. v Travelers Cas. & Sur. Co. of Am.*, 280 AD2d 268 [1st Dept 2001]). Concur— Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.