Allen v Leon D. DeMatteis Constr. Corp. (2019 NY Slip Op 06376)





Allen v Leon D. DeMatteis Constr. Corp.


2019 NY Slip Op 06376


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-00877
 (Index No. 10335/10)

[*1]Edward W. Allen, et al., plaintiffs, 
v
Leon D. DeMatteis Construction Corp., defendant third-party plaintiff-respondent, RJR Mechanical, Inc., defendant third-party defendant/second third-party plaintiff, et al., defendants; Interstate Fire & Casualty Company, et al., third-party defendants; Liberty Mutual/Peerless Insurance Company, second third-party defendant-appellant, et al., second third-party defendants.


Goldberg Segalla LLP, Buffalo, NY (Brian R. Biggie and Joanna Roberto of counsel), for second third-party defendant-appellant.
Westermann Sheehy Keenan Samaan & Aydelott, LLP, Uniondale, NY (Peter S. Samaan and Seth D. Rosmarin of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the second third-party defendant Liberty Mutual/Peerless Insurance Company appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 29, 2016. The order, insofar as appealed from, denied that branch of the motion of the second third-party defendant Liberty Mutual/Peerless Insurance Company which was for summary judgment dismissing the second third-party complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the second third-party defendant Liberty Mutual/Peerless Insurance Company which was for summary judgment dismissing so much of the second third-party complaint as alleged bad faith in its failure to comply with its contractual obligations, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant third-party plaintiff, Leon D. DeMatteis Construction Corp. (hereinafter DeMatteis), was hired as a general contractor for a project involving work at the United States Mission to the United Nations. DeMatteis then subcontracted portions of the work to the defendant third-party defendant/second third-party plaintiff RJR Mechanical, Inc. (hereinafter RJR). The contract between DeMatteis and RJR contained an indemnity/hold harmless clause and required RJR and its subcontractors to procure an insurance policy that named DeMatteis as an additional insured. The contract between DeMatteis and RJR provided that "[t]he provisions of this Contract shall apply to all such changes, modifications, omissions and additions (collectively, Changes'), as [*2]required by DeMatteis, with the same effect as if they were embodied in the original Plans." Thus, the insurance provisions of the contract applied to change orders.
RJR subcontracted with third-party defendant/second third-party defendant Anron Sheet Metal Corp. (hereinafter Anron). That subcontract was made "subject to the terms and conditions of the contract documents." The second third-party defendant Liberty Mutual/Peerless Insurance Company (hereinafter Peerless) issued a commercial general liability policy to Anron.
On January 5, 2009, the plaintiff Edward W. Allen (hereinafter the injured plaintiff), who was employed by Anron, was injured at the job, allegedly while preparing to evaluate a change order. In March 2010, the injured plaintiff, and his wife suing derivatively, commenced the instant personal injury action, naming, among others, DeMatteis and RJR as defendants. The plaintiffs alleged, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6). In October 2010, Peerless disclaimed coverage to RJR on the basis that RJR was not entitled to coverage as an insured under the policy, as well as on the basis that each claimant under the policy had an independent duty to provide timely notice of the loss, and RJR provided a late notice of claim. In January 2011, RJR commenced a second third-party action against, among others, Anron and Peerless, seeking, inter alia, enforcement of a contractual duty to defend and indemnify, and alleging that Peerless acted in bad faith in refusing to comply with its contractual obligations.
In February 2016, Peerless moved, inter alia, for summary judgment dismissing the second third-party complaint insofar as asserted against it on the basis, inter alia, that the injured plaintiff's accident did not occur during covered, contracted-for work, and that neither RJR nor DeMatteis provided it with timely notice of the claim. The Supreme Court denied the motion, and Peerless appeals.
As relevant here, the policy issued by Peerless required its insureds, including any additional insureds, to provide Peerless with notice "as soon as practicable" of both (1) an "occurrence," i.e., an accident, which might result in a "claim," and (2) a "claim" or "suit" brought against any insured or additional insured. RJR and DeMatteis, as additional insureds, had a duty, independent of Anron, to provide Peerless with the notices required under the policy (see 23-08-18 Jackson Realty Assoc. v Nationwide Mut. Ins. Co., 53 AD3d 541, 542). Generally, " [t]he fact that an insurer may have received notice of the claim from the primary insured, or from another source, does not excuse an additional insured's failure to provide notice'" (id. at 543, quoting City of New York v St. Paul Fire & Mar. Ins. Co., 21 AD3d 978, 981). "Where two or more insureds are defendants in the same action, notice of the occurrence or of the lawsuit provided by one insured will be deemed notice on behalf of both insureds only where the two parties are united in interest or where there is no adversity between them" (23-08-18 Jackson Realty Assoc. v Nationwide Mut. Ins. Co., 53 AD3d at 543). Here, there are triable issues of fact as to whether DeMatteis and RJR can rely on the notice given by Anron on the ground that DeMatteis, RJR, and Anron are united in interest (see Ferrara v Zisfein, 168 AD3d 682; Gagnon v Hamlet on Olde Oyster Bay, LLC, 35 AD3d 655; Brown v Aurora Sys., 283 AD2d 956).
Peerless's remaining contentions with respect to the cause of action sounding in breach of contract are without merit. Accordingly, we agree with the Supreme Court's denial of summary judgment with respect to the cause of action asserted against Peerless sounding in breach of contract.
However, DeMatteis does not dispute that summary judgment should be granted with respect to the cause of action alleging bad faith since there is no evidence that Peerless acted in bad faith (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 612).
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court