244 Madison Realty Corp. v Utica First Ins. Co. (2024 NY Slip Op 06272)

244 Madison Realty Corp. v Utica First Ins. Co.

2024 NY Slip Op 06272

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 654238/19 Appeal No. 3240 Case No. 2022-04884 

[*1]244 Madison Realty Corp. et al., Plaintiffs-Appellants,
v
Utica First Insurance Company, Defendant-Respondent.

Gartner + Bloom P.C., New York (Susan P. Mahon of counsel), for appellants.
Farber Brocks & Zane L.L.P., Garden City (Lester Chanin of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered May 12, 2022, which denied plaintiffs' motion for summary judgment, granted defendant's cross-motion for summary judgment dismissing the complaint, and adjudged and declared that defendant was not obligated to provide a defense to or indemnify plaintiffs in the underlying personal injury action, unanimously affirmed, with costs.
Defendant's commercial general liability policy was issued to nonparty Pirgos Food Corp., which leased space from plaintiffs 244 Madison Realty Corp. and Maxwell-Kates, Inc. and employed the plaintiff in the underlying action. That policy required an insured to "promptly give notice" to defendant once it became aware of any fact indicating that there might be a claim against it. However, plaintiffs did not give defendant notice of the underlying personal injury claim against 244 Madison Realty Corp. and Maxwell-Kates for nearly two and a half years after the personal injury action was commenced, irrespective of any excusable delay. As a result, plaintiffs had the burden of showing that defendant was not prejudiced by the delay (see Insurance Law § 3420[c][2][A][ii]).
Plaintiffs failed to sustain their burden. We reject plaintiffs' argument that defendant's June 2017 letter disclaiming coverage did not explain in sufficient detail how defendant suffered actual prejudice from the delay. Under the facts presented here, where plaintiffs failed to timely give notice of a claim, the burden rests on plaintiffs to show a lack of prejudice, not on defendant to show that the prejudice exists (id.). In any event, defendant did sufficiently show that it was prejudiced by the two-and-a-half-year delay, as the delay prevented defendant from examining site conditions near the time of the incident or interviewing witnesses while their memories were still fresh. Similarly, we are not persuaded by plaintiffs' argument that defendant was not prejudiced because it participated in the underlying litigation. Defendant participated in the litigation to address contractual and common-law indemnification and contribution claims, not the tort issues raised in the personal injury action.
We also reject plaintiffs' argument that defendant waived its policy defenses because it did not disclaim with the requisite specificity. Even if the June 2017 disclaimer letter failed to acknowledge that 244 Madison and Maxwell-Kates, Inc. were additional insureds under defendant's policy, the letter correctly and unambiguously disclaimed coverage based on plaintiffs' delay in informing defendant of the claim. As a result, the disclaimer properly barred coverage (see State Ins. Fund v Utica First Ins. Co., 25 AD3d 388, 388 [1st Dept 2006]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024