■ 1700 BROADWAY Co., Appellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent. [863 NYS2d 434]—

Order and judgment (one paper), Supreme Court, New York County (Emily Jane Goodman, J.), entered February 19, 2008, which granted defendant's motion to dismiss the complaint and declared it was not required to defend or indemnify plaintiff in an underlying personal injury action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 15, 2008, which denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.

Under the terms of a commercial general liability policy issued by defendant, plaintiff, named as an additional insured, was required to give defendant notice of a claim or suit as soon as practicable. Absent a valid excuse, the failure to satisfy this notice requirement, which is a condition precedent to coverage, vitiates the policy (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]).

It is undisputed that plaintiff did not serve defendant with notice of the underlying personal injury action until eight months after plaintiff was served with the summons and complaint naming it as a defendant therein. Plaintiff has offered no excuse for this delay. Such delay without explanation constituted late notice as a matter of law. Defendant was not required to demonstrate prejudice by reason of the delay in or-

der to disclaim coverage. New York has generally adhered to a no-prejudice rule, which allows a personal injury insurer in commercial general liability cases to disclaim coverage due to late notice of claim regardless of whether or not the insurer suffered any harm by reason of the delay (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332 [2005]).*

The named insured cannot be deemed to have provided timely notice of the lawsuit to defendant on behalf of plaintiff since the notice requirement in the policy applies equally to both primary and additional insureds, and notice provided by one insured in accordance with the policy terms will not be imputed to another (*Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40, 44 [2002]). An exception might exist where two claimants are similarly situated, i.e., where their interests are not adverse to each other, in which case notice by one may also be deemed applicable to a claim by another (*see e.g. Motor Veh. Acc. Indem. Corp. v United States Liab. Ins. Co.*, 33 AD2d 902 [1970]). Here, plaintiff, an out-of-possession landlord of the premises where the accident in the underlying personal injury action took place, had an interest adverse to the primary insured, the tenant in the premises, from the moment the complaint was served naming them both as defendants. This adversity was confirmed when plaintiff and the primary insured filed cross claims against each other. Under these circumstances, notice of suit by the primary insured cannot be deemed timely notice by plaintiff.

In *New York Tel. Co. v Travelers Cas. & Sur. Co. of Am.* (280 AD2d 268 [2001]), cited by plaintiff, the focus was on the time the primary insured forwarded the complaint to the insurer. There the primary and additional insureds' interests were not adverse when the former was initially served with the summons and complaint in the underlying action. Here, plaintiff and the primary insured were simultaneously served with the summons and complaint, and their interests were adverse at the time the primary insured served defendant with notice of the lawsuit, even though plaintiff and the primary insured had not yet formally served cross claims against each other. Concur—Gonzalez, J.P., Buckley, Moskowitz, Renwick and DeGrasse, JJ.

---

* Starting in January 2009, policies will be required to permit an insured such as plaintiff to bring this type of action notwithstanding late notice of claim, with the burden on the insurer to establish prejudice from the delay (L 2008, ch 388, §§ 2, 4, amending Insurance Law § 3420 [a] [6]; [c] [2] [A]).