■ KAMBOUSI RESTAURANT, INC., Trading as ROYAL COACH DINER, Appellant, v BURLINGTON INSURANCE COMPANY, Respondent. [871 NYS2d 129]—

Order and judgment (one paper), Supreme Court, Bronx County (John A. Barone, J.), entered October 13, 2006, which denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment declaring that it is not obligated to defend and indemnify plaintiff in an underlying personal injury action, unanimously reversed, on the law, with costs, plaintiff's motion granted, defendant's motion denied, and it is declared defendant is so obligated.

The issue before this Court is whether plaintiff insured's five- or six-month delay in notifying its liability insurer about an incident may be excused based on a reasonable belief of nonliability. Defendant Burlington Insurance Company issued a liability insurance policy to plaintiff, the owner of a diner, which required it to notify Burlington "as soon as practicable of an 'occurrence' or an offense which may result in a claim." The manager of the diner attested that, on October 25, 2003, an unknown person entered the diner and informed him that a woman had fallen in the parking lot. The manager went outside and saw a woman sitting on the ground with her husband next to her. When the manager asked the woman if she wanted help or if he should call an ambulance, the husband indicated that he had already called, and told him "not to worry" because his wife had tripped over her shoelaces. The injured wife said "she was clumsy and fell." The manager told the couple he needed to get a pen and paper from the diner to get information "to make a report," but when he returned they were gone and he "was never able to write a report." There is no evidence that an ambulance appeared.

On April 2, 2004, the injured party commenced a personal injury action against plaintiff alleging that she had injured her ankle by tripping on a defect in the parking lot pavement. On April 24, plaintiff filed a notice of occurrence and claim with Burlington and provided it with a copy of the summons and complaint for the personal injury action. By letter dated May 11, 2004, Burlington disclaimed coverage on the ground of late notice. Thereafter, plaintiff brought this action for a declaratory judgment seeking coverage, and, upon plaintiff's motion for summary judgment, the trial court searched the record and instead granted Burlington summary judgment, finding as a matter of law that plaintiff's notice was untimely.

When an insurance policy requires the insured to notify the insurer of an occurrence "as soon as practicable," the insured's noncompliance "constitutes a failure to [satisfy] a condition precedent [to coverage]" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005] [internal quotation marks and citation omitted]). However, if the insured has established a good faith belief of nonliability, said belief may excuse the claimed untimely notice (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]). The insured's belief of nonliability must be objectively reasonable (*id.*).

The husband's statement to the manager that he should not "worry" and that his wife had tripped over her shoelaces, and the wife's statement that she was "clumsy," followed by the couple's departure without giving the manager an opportunity to obtain further information, led the manager to reasonably believe that the couple would not seek to hold the diner's owner liable for the mishap (*see 426-428 W. 46th St. Owners, Inc. v Greater N.Y. Mut. Ins. Co.*, 23 AD3d 207 [2005], *lv dismissed* 7 NY3d 741 [2006]).

The uncontroverted evidence as to what occurred in plaintiff's parking lot establishes as a matter of law plaintiff's good faith belief in its nonliability and therefore excuses its failure to give timely notice. Concur—Gonzalez, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.