■ AMANDA FERREIRA, an Infant, by Her Mother and Natural Guardian, CARMEN GUTIERREZ, et al., Plaintiffs, v MEREDA RE-ALTY CORP. et al., Defendants. MEREDA REALTY CORP. et al., Third-Party Plaintiffs-Appellants, v RLI INSURANCE COMPANY, Third-Party Defendant-Respondent. [877 NYS2d 35]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered June 9, 2008, which denied appellants' motion for summary judgment declaring that respondent had an obligation to defend and indemnify them in the personal injury action and granted respondent's cross motion for summary judgment dismissing the third-party complaint and directed entry of judgment, unanimously affirmed, without costs.

Appellant insureds were required by the policy to notify the insurer "as soon as practicable of an 'occurrence' or offense which may result in a claim." Here, where they did not give notice for more than two months after first learning of the infant plaintiff's accident, it was their burden (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743-744 [2005]) to establish that a reasonably prudent person, upon learning of the accident, would have a good faith, objective basis for believing that litigation would not be commenced (*see Kambousi Rest., Inc. v Burlington Ins. Co.*, 58 AD3d 513 [2009]; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239 [2002]). It is not disputed that, on meeting with plaintiff mother no later than April 11, 2005, the insureds' property manager had seen burn scars on the infant plaintiff and been told that the infant had been in the hospital. At that point, the insureds could not have reasonably believed that there would be no litigation arising out of the accident (*see e.g. Tower Ins. Co. of N.Y. v Dyker Contrs., Inc.*, 47 AD3d 522 [2008]; *Rondale Bldg. Corp. v Nationwide Prop. & Cas. Ins. Co.*, 1 AD3d 584, 585-586 [2003]), and therefore have not shown any extenuating circumstances to justify their having delayed reporting the occurrence until late June 2005 (*see Paramount Ins. Co.*, 293 AD2d at 242). We reject appellants' alternate argument that the policy was ambiguous, since appellants fail to show how the term "claim," as used in this policy, could be parsed in two different, equally logical ways (*see Schechter Assoc. v Major League Baseball Players Assn.*, 256 AD2d 97 [1998]; *cf. Matter of Reliance Ins. Co.*, 55 AD3d 43 [2008], *affd* 12 NY3d 725 [2009]). Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.