(April 21, 2011)

■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v BABYLON FISH & CLAM, INC., Respondent. [921 NYS2d 242]—

Order, Supreme Court, New York County (Debra A. James, J.), entered June 9, 2010, which denied plaintiff insurer's motion for summary judgment declaring that the insurer is not obligated to defend or indemnify its insured in the underlying action, reversed, on the law, without costs, the motion granted, and it is so declared.

This is an insurance coverage dispute concerning whether plaintiff Tower must defend and indemnify its insured, defendant Babylon Fish & Clam, Inc. (Babylon), under an occurrence-based commercial general liability insurance policy. The underlying lawsuit is a wrongful death action brought by defendant Sandra Menken, individually and as executor of the estate of Michael J. Menken, arising out of an alleged food-poisoning incident at Babylon's restaurant on July 16, 2007. Tower alleges that Babylon forfeited its right to coverage under the policy by waiting nearly a year before reporting the incident to Tower, in violation of the policy condition that the insured give notice of a claim "as soon as is practicable." On or about June 26, 2008, almost one year after the incident, Babylon, through its broker, notified Tower of the incident by forwarding the underlying summons and complaint and a notice form. Tower disclaimed coverage by letter dated July 23, 2008, alleging that Babylon failed to give timely notice of the claim. Tower alleged that Babylon was aware of the occurrence giving rise to the underlying action on or about August 12, 2007, yet failed to notify Tower until June 27, 2008.

We agree with Tower that notice of the occurrence was untimely as a matter of law. Tower established that its insured, Babylon, failed to report the incident for nearly one year. In response, Babylon failed to demonstrate that a reasonably prudent person, upon learning of the incident, would have a good faith, objective basis for believing that litigation would not be com-

menced (*see Ferreira v Mereda Realty Corp.*, 61 AD3d 463 [2009]). Having failed to do so, the insurer was entitled to summary judgment in its favor declaring that it had no duty to defend or indemnify Babylon.

Further, the record evidence shows that Babylon should have reasonably anticipated that a claim would be asserted. Mrs. Menken notified Babylon less than one month after the incident that her husband had become sick due to food he ate at the restaurant. This statement, whether or not true, should have reasonably alerted the insured that a claim was possible. On the following day, according to Melissa Laroque, Babylon's president, an inspector from the Suffolk County Department of Health Services came to inspect the restaurant based on a report that a patron had become ill as a result of eating clams. Laroque further admitted that the health inspector returned two days later, on August 15, 2007, at which time he informed her that the sick patron was the decedent, Michael Menken, and advised her of "some deficiencies" uncovered by his inspection.

The insured claims that it reasonably believed, based on the health inspector's alleged statements about the decedent's prior health condition and favorable inspection of the restaurant, that it bore no liability for the decedent's injuries and death. However, the relevant legal standard is "not whether the insured believes he will ultimately be found liable for the injury, but whether he has a reasonable basis for a belief that no claim will be asserted against him" (*SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584 [1998]). Concur—Saxe, Catterson, Acosta and Manzanet-Daniels, JJ.

Gonzalez, P.J. (concurring). I concur with the majority's result, granting plaintiff's motion for summary judgment declaring that it is not obligated to defend its insured, defendant Babylon, in the underlying litigation.

However, I would find that it was Babylon's failure to conduct any inquiry into the details of the alleged food poisoning after having been made aware of the patron's illness that requires this result. In *Great Canal Realty Corp. v Seneca Ins. Co., Inc.* (5 NY3d 742, 743-744 [2005]), the Court of Appeals stated that, while an insured's reasonable "good-faith belief of nonliability" may excuse a failure to give timely notice, "it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence" (internal quotation marks and citations omitted). The Court found that the insured in that case had "failed to raise a triable issue of fact as to whether its delay in giving notice was reasonably founded upon a good-faith belief of nonliability" (*id.*).

In this case, in the week after Babylon received an oral complaint from the wife of a patron who alleged that her husband suffered food poisoning from a meal at its restaurant, the Suffolk County Department of Health Services conducted two inspections of the premises. Yet Babylon did not notify its insurer of the incident until approximately a year later, after it was sued by the wife of the patron, who had died four days after allegedly eating at the restaurant. Although it was incumbent upon Babylon to follow up on the patron's complaint to determine whether it could face liability for the patron's alleged food poisoning, it undertook no independent investigation in this regard. Thus, like the plaintiff in *Great Canal Realty Corp.*, Babylon failed to raise an issue of fact as to the reasonableness of its claimed belief of nonliability.