■ CITY OF NEW YORK, Appellant, v INVESTORS INSURANCE COMPANY OF AMERICA, Respondent. [932 NYS2d 459]—

As an additional insured under the policy issued by defendant, plaintiff had, in the absence of an express duty, an implied duty, independent of the named insured's obligation, to provide defendant with timely notice of the occurrence for which it seeks coverage (*see Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144 [1998]; *Thomson v Power Auth. of State of N.Y.*, 217 AD2d 495, 497 [1995]). The notice it served 13 months after receiving the underlying plaintiff's notice of claim was untimely as a matter of law (*see 1700 Broadway Co. v Greater N.Y. Mut. Ins. Co.*, 54 AD3d 593, 593 [2008]).

Nor may plaintiff rely upon the named insured's timely notice of the underlying *action* to satisfy its duty to provide timely notice of the *occurrence*, since the duty under the policy to notify of an occurrence is distinct from the duty to notify of any claim or suit brought thereon (*see American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 75 [2004]; *Steadfast Ins. Co. v Sentinel Real Estate Corp.*, 283 AD2d 44, 54 [2001]). Moreover, plaintiff's obligation to provide timely notice was independent of the named insured's obligation because its interests were adverse to those of the named insured "from the moment the [amended] complaint was served naming them both as defendants" (*1700 Broadway Co.*, 54 AD3d at 594; *City of New York v Welsbach Elec. Corp.*, 49 AD3d 322, 322 [2008]). Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 30901(U).]**