Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered December 17, 2012, which, upon reargument, granted the motion of plaintiff Hermitage Insurance Company for a default judgment as against defendant Athena Management Corp. (Athena) and for summary judgment as against defendant Wilshire, and declared that Hermitage had no duty to defend or indemnify Athena in the underlying personal injury action, unanimously affirmed, without costs.
The excuse proffered by Athena that it was unable to afford *629 an attorney was not a reasonable excuse for its default. The record shows that Athena failed for over two years to take any steps to protect its interests even though it knew it had to answer the complaint (Gerlin v Homann Trucking, 303 AD2d 262 [1st Dept 2003]). Accordingly, having defaulted, Athena “is deemed to have admit [ted] all traversable allegations in the complaint, including the basic allegations of liability” (Al Fayed v Barak, 39 AD3d 371, 372 [1st Dept 2007] [internal quotation marks omitted]).
The argument that Hermitage failed to show that it was prejudiced by Athena’s three-month delay in notifying it of the accident, is unavailing. The notice provision in the subject policy operates as a condition precedent to coverage, and late notice of an occurrence, absent a valid excuse, vitiates coverage as a matter of law, regardless of any prejudice (see Rivera v Core Cont. Constr. 3, LLC, 106 AD3d 636 [1st Dept 2013]).
Furthermore, even considering the affidavit of Athena’s owner, the standard is not whether the insured will be ultimately liable, but whether the insured should reasonably have anticipated a claim, whether meritorious or not (see Tower Ins. Co. of N.Y. v Lin Hsin Long Co., 50 AD3d 305, 308 [1st Dept 2008]). Here, Athena’s owner admitted her immediate knowledge of the incident involving a burn to a child, and that the media had been at the building (see Ferreira v Mereda Realty Corp., 61 AD3d 463 [1st Dept 2009]). While Athena’s owner stated that she had her superintendent investigate, and that the cause of the accident was allegedly a faulty thermostat that had been broken by the tenants, the owner could have easily questioned Wilshire about the particular facts of the occurrence, which would have informed her that the thermostat was not the exclusive cause of the accident. The owner could have also questioned Wilshire about whether he intended to make a claim, but she failed to do so (see Tower Ins. Co. of N.Y. v Classon Hgts., LLC, 82 AD3d 632 [1st Dept 2011]; SSBSS Realty Corp. v Public Serv. Mut. Ins. Co., 253 AD2d 583 [1st Dept 1998]).
Concur — Moskowitz, J.E, Richter, Manzanet-Daniels, Clark and Kapnick, JJ.