■ RAMON CRUZ, Doing Business as RAY'S FLAT FIX, Respondent, v WESTERN HERITAGE INSURANCE COMPANY, Appellant. [41 NYS3d 897]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about June 28, 2016, which granted plaintiff's motion for summary judgment declaring that defendant must defend plaintiff in an underlying personal injury action, and denied defendant's motion for summary judgment declaring in its favor and dismissing the complaint, unanimously modified, on the law, to deny plaintiff's motion, and to grant the part of defendant's motion that seeks a declaration, and otherwise affirmed, without costs. The Clerk is directed to enter judgment declaring that defendant has no duty to defend or indemnify plaintiff in the underlying personal injury action.

Plaintiff's unexplained delay of at least two months in notifying defendant of the underlying personal injury action against him constitutes late notice as a matter of law (*see Juvenex Ltd. v Burlington Ins. Co.*, 63 AD3d 554 [1st Dept 2009]). Since the insurance policy imposed on plaintiff the separate duties of providing timely notice of an occurrence or accident and providing timely notice of the commencement of an action, it is immaterial whether plaintiff had a good faith belief in nonliability at the time of the accident, in March 2009, so as to excuse late notice of occurrence (*see e.g. Kambousi Rest., Inc. v Burlington Ins. Co.*, 58 AD3d 513 [1st Dept 2009]), whether he ever received the June 2010 correspondence from the injured person's attorney, or whether he first received notice of the personal injury claim or lawsuit on March 25, 2011, when he allegedly received the summons and complaint in that action (*see American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 75 [2004]; *City of New York v Investors Ins. Co. of Am.*, 89 AD3d 489, 489 [1st Dept 2011]). Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.