| Ratan Realty LLC v Underwriters at Lloyd's London |
|---|
| 2025 NY Slip Op 30446(U) |
| February 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655019/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. LYLE E. FRANK** | PART | **11M** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

RATAN REALTY LLC

                              Plaintiff,

          - v -

UNDERWRITERS AT LLOYD'S LONDON,

                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655019/2024 |
| **MOTION DATE** | 11/22/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for                    DISMISSAL                    .

Upon the foregoing documents, defendant's motion is granted.

## Background

Ratan Realty, LLC ("Plaintiff" or "Ratan") owned premises located at 500-510 East 185th Street in the Bronx, and hired non-party Triborough Construction Services, Inc. ("Triborough") for general construction work on the premises. In May of 2017, another non-party was alleged to have suffered damages as a result of the construction work and in November of 2019, WESCO Insurance Company filed a lawsuit alleging subrogation for the alleged damages (the "WESCO Action"). Ratan was named as a defendant in that other action.

In 2017, Underwriters at Lloyd's London d/b/a Lloyd's London ("Defendant") had issued an insurance policy to Triborough. Pursuant to an agreement between Triborough and Plaintiff, Plaintiff was to be added to the policy as an additional insured. In 2024, Plaintiff filed the underlying lawsuit seeking a declaratory judgment stating that Defendant is obligated to defend and indemnify them in the WESCO Action and pleading breach of contract for Defendant's alleged failure to do so.

**655019/2024   RATAN REALTY LLC vs. UNDERWRITERS AT LLOYD'S LONDON**
   **Motion No.  001**

**Page 1 of 4**

[* 1]

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**Discussion**

Defendant has brought the present motion seeking to dismiss the complaint pursuant to CPLR § 3211(a)(1) and (7). One of Defendant's arguments is that Plaintiff's failure to provide timely notice for years bars their claim for defense and indemnification as a matter of law.

**655019/2024   RATAN REALTY LLC vs. UNDERWRITERS AT LLOYD'S LONDON**
**Motion No.  001**

**Page 2 of 4**

2 of 4

Plaintiff does not dispute the length of the delay, but argues that by the terms of the policy, only Triborough is explicitly required to give prompt notice.

Both statutory and case law support Defendant's position. Under New York Insurance Law § 3420(c)(2), if notice was provided more than two years from the time required under the policy, and the insurer alleges that it was prejudiced as a result of this failure the burden is on the person seeking to be covered by the policy to show that the insurer has not been prejudiced. While Plaintiff argues that the policy in question only explicitly requires that Triborough must provide timely notice, the First Department has held that "[a]s an additional insured under the policy issued by defendant, plaintiff had, in the absence of an express duty, an implied duty, independent of the named insurer's obligation, to provide defendant with timely notice of the occurrence for which it seeks coverage." *City of New York v. Investors Ins. Co. of Am.*, 89 A.D.3d 489, 489 (1st Dept. 2011). Furthermore, in that case, a 13-month delay was deemed "untimely as a matter of law." *Id*; *see also Structure Tone v. Burgess Steel Prods. Corp.*, 249 A.D.2d 144, 145 (1st Dept. 1998)(holding that "the duty to give reasonable notice as a condition of recovery is implied in all insurance contracts").

Here, Plaintiff is an additional insured and therefore their duty to provide timely notice was independent of any explicit duty to provide notice owed by the named insurer in the policy. Courts have held that much shorter delays have been unreasonable as a matter of law, thus enabling the insurance company to disclaim coverage. *See, e.g., 1700 Broadway Co. v. Greater N.Y. Mut. Ins. Co.*, 54 A.D.3d 593, 593 (1st Dept. 2008)(holding that eight months was "late notice as a matter of law"); *Hermitage Ins. Co. v. Athena Mgt. Corp.*, 115 A.D.3d 628, 629 (1st Dept. 2014)(holding that a three-month delay vitiated coverage); *Brownstone Partners/AF & F, LLC v. A. Aleem Constr.*, 18 A.D.3d 204, 205 (1st Dept. 2005)(holding that an additional insured

**655019/2024   RATAN REALTY LLC vs. UNDERWRITERS AT LLOYD'S LONDON**
**Motion No.  001**

**Page 3 of 4**

3 of 4

party's wait of five months after the incident and four months after the underlying suit was unreasonable as a matter of law).

When such a delay is unreasonable, the insurer does not need to make a showing of prejudice. *Brownstone*, at 205. There are cases where an otherwise unreasonable delay can be excused, but "the insured bears the burden of establishing the reasonableness of the proffered excuse" for the untimely delay. *Great Canal Realty Corp. v. Seneca Ins. Co.*, 5 N.Y.3d 742, 744 (2005). The only excuse Plaintiff has offered is the argument that as an additional insured, they have no duty to provide timely notice. This argument, for the reasons explained above, fails as a matter of law. Because Plaintiff's entire action is predicated on an incident that they failed to give reasonable notice, it fails to state a viable claim. Accordingly, it is hereby

ADJUDGED that defendant's motion to dismiss the complaint in its entirety is granted; and it is further

ORDERED that the Clerk of the Court shall enter judgment of dismissal of this matter in its entirety.

20250204090908LFRANK5405C0C98048431690923340C068888B

| **2/4/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**655019/2024   RATAN REALTY LLC vs. UNDERWRITERS AT LLOYD'S LONDON**
**Motion No.  001**                                    **Page 4 of 4**

4 of 4

[* 4]