■ ALBERT HOVERSON et al., Respondents, v HERBERT CONSTRUCTION Co., INC., Defendant, and SMITH BARNEY, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. FOREST ELECTRIC, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. SMITH BARNEY, INC., et al., Second Third-Party Plaintiffs-Appellants, v INSURANCE COMPANY OF NORTH AMERICA, Second Third-Party Defendant-Respondent. [725 NYS2d 320] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about May 24, 2000, which (1) granted plaintiffs' motion for summary judgment as to liability on their Labor Law § 240 (1) cause of action as against appellants, (2) denied in its entirety appellants' cross motion seeking summary judgment, in the first third-party action, on appellants' causes of action against the employer of the injured plaintiff (Forest) for contractual indemnification and for breach of a contract to procure insurance and, in the second third-party action, on appellants' cause of action for a declaration that Insurance Company of North America (INA) is obligated to defend and indemnify appellants in this action, and (3) granted in its entirety INA's cross motion for summary judgment in the second third-party action, in effect declaring that INA has no duty to defend or indemnify appellants in this matter, unanimously modified, on the law, to grant INA's cross motion solely to the extent of declaring that INA has no duty to defend appellants in this matter and otherwise to vacate the grant of summary judgment in INA's favor, and otherwise affirmed, without costs.

The motion court correctly granted plaintiffs summary judgment as to liability on their Labor Law § 240 (1) cause of action against appellants, the lessee and owner, respectively, of

the premises under renovation at which plaintiff Albert Hoverson was working when he was injured. Contrary to appellants' arguments, plaintiff's uncontradicted deposition testimony, viewed as a whole, is to the effect that plaintiff was caused to fall from the ladder on which he was standing when the ladder suddenly "kicked out" to the right as plaintiff shifted his weight to the left, and this is sufficient to establish liability under the statute (*see, e.g., Wasilewski v Museum of Modern Art*, 260 AD2d 271, 271-272).

Appellants were correctly denied summary judgment on their cause of action for contractual indemnification against plaintiff's employer, Forest, the electrical subcontractor for the renovation project. Notwithstanding uncontradicted evidence that Forest controlled and supervised the worksite, the violation of Labor Law § 240 (1) proven in this case does not equate to negligence, which must be shown to trigger the indemnity provision of Forest's subcontract (*see, e.g., Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 939-940). In this connection, appellants have failed to set forth any evidence that Forest disregarded any sign that the brand new ladder used by plaintiff was defective or inadequate for the task, that Forest created or permitted any unsafe condition of the floor on which the ladder was standing, or that Forest had reason to instruct plaintiff to brace the ladder while using it on an apparently level surface. Although any negligence of plaintiff himself would be imputable to Forest for purposes of contractual indemnification (*see, Guiga v JLS Constr. Co.*, 255 AD2d 244, 245), the record is bereft of evidence of any misuse of the ladder or other negligence on plaintiff's part.

The motion court also correctly denied appellants summary judgment on their cause of action against Forest for breach of a contract to procure insurance. Forest established that it purchased coverage under which appellants were additional insureds in an aggregate amount satisfying Forest's obligation to procure insurance under its subcontract. Forest did not breach its insurance procurement obligation by virtue of the endorsement to the policy constituting the first layer of insurance creating a $1,500,000 deductible and eliminating the insurer's duty to defend, since Forest concedes that it is obligated to indemnify additional insureds for any covered liability within the deductible and to bear additional insureds' costs of defending such claims while the insurance is in effect (*see, Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144, 144-145). Since issues of fact exist as to whether coverage under the first layer of insurance has been exhausted or vitiated by untimely

notice of the claim, appellants are not entitled to an order directing Forest to defend and indemnify appellants herein pursuant to the relevant insurance policy. The present record does not afford a basis for determining whether Forest materially breached its obligations by failing to give appellants timely notice of the excess layers of insurance, since the record does not establish what transpired between appellants and Forest's excess carriers after Forest finally advised appellants of the identities of such excess carriers.

We modify the order appealed from to vacate its grant of summary judgment to INA, the carrier of Forest's first layer of insurance, on appellants' third-party claim for a declaration that INA is obligated to indemnify appellants for their liability, if any, to plaintiffs. The affidavits of appellants' employees attesting, based on their review of appellants' records, that appellants did not receive notice of this claim, arising from an incident that occurred in March 1995, until served with process in this action on February 25, 1998, five weeks before appellants notified INA of the matter on April 1, 1998, is sufficient to raise an issue of fact as to whether appellants satisfied the condition of coverage under the INA policy that INA be given notice of claims "as soon as practicable." The conclusory statement in the affidavit of INA's liability specialist that the limits of coverage under Forest's policy have been exhausted, unsupported by any documentary evidence or factual detail, is insufficient to establish exhaustion of the policy as a matter of law. Appellants should have an opportunity to conduct discovery to determine whether the payments on which INA bases its exhaustion defense have been properly allocated to the policy here at issue. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.