■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JENKINS, Appellant. [912 NYS2d 476]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on or about October 14, 2009, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.

■ INNER CITY REDEVELOPMENT CORP., Respondent, v THYSSENKRUPP ELEVATOR CORPORATION, Appellant, et al., Defendant. [913 NYS2d 29]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered March 9, 2010, which, upon reargument, adhered to the original determination granting plaintiff's motion for summary judgment declaring that defendant Thyssenkrupp has a duty to defend plaintiff in the underlying personal injury action and in addition declared that said defendant is obligated to indemnify plaintiff for up to $1.25 million, unanimously affirmed, with costs.

As defendant Thyssenkrupp is not an insurer, its duty to defend its contractual indemnitee is no broader than its duty to indemnify (*Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 809 [2009]). The contract limits the indemnity to losses caused in whole or in part by defendant's negligence. Because there has been no showing that defendant was negligent, any order requiring defendant to defend or indemnify is premature (*see Francescon v Gucci Am., Inc.*, 71 AD3d 528 [2010]).

However, the contract contains a promise by defendant not only to indemnify, but also to procure insurance that fully covers the scope of the indemnity. The policy that defendant obtained, in the correct face amount, has a $1.25 million deductible. Thus, defendant is obligated to defend and indemnify for any covered liability within the deductible, i.e., up to $1.25 million (*see Hoverson v Herbert Constr. Co.*, 283 AD2d 237, 238 [2001]).

Nor does plaintiff's failure to comply with the notice provisions of the insurance policy provide a defense. Defendant's contractual obligation is separate and distinct from the insurer's obligations under the policy (*Singh v New York City Tr. Auth.*, 17 AD3d 262, 263-264 [2005]). In any event, the amount of the claim is within the deductible. Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.