The indemnification clause in the loan syndication and trading association (LSTA) agreement at issue provides, among other things, that CIC shall indemnify Luxor for any costs or expenses arising out of a breach of CIC’s representations and warranties under the agreement. The IAS court correctly denied Luxor’s motion as premature, as it cannot be determined on this record whether CIC breached the LSTA agreement. CIC’s duty to defend is not broader than its duty to indemnify (see Inner City Redevelopment Corp. v Thyssenkrupp El. Corp., 78 AD3d 613, 613 [1st Dept 2010]), and the indemnification clause *576 does not apply to the mere assertion of claims, regardless of their outcome (cf. Bradley v Earl B. Feiden, Inc., 8 NY3d 265, 275 [2007]).
It cannot be determined on this record whether section 4.1 (h) of the LSTA agreement is implicated, as the language in that section is ambiguous (see RM Realty Holdings Corp. v Moore, 64 AD3d 434, 436 [1st Dept 2009]). Indeed, there are reasonable, conflicting interpretations of that section, including CIC’s interpretation that it applies only to conduct that results in equitable subordination, which is not at issue here (see In re Enron Corp., 379 BR 425, 444 n 96 [SD NY 2007]).
We do not reach Luxor’s argument, raised for the first time in its appellate reply brief, that CIC breached its warranties in section 4.1 (g) and (i) of the LSTA agreement (see Cassidy v Highrise Hoisting & Scaffolding, Inc., 89 AD3d 510, 511 [1st Dept 2011]). Were we to reach the argument, we would still find that Luxor’s motion was correctly denied, as the waiver upon which it bases its argument has terms that are ambiguous.
We also decline to consider Luxor’s argument that it is entitled to indemnification under section 6.1 (a) (ii) of the LSTA agreement, as the argument was raised for the first time in Luxor’s reply before the IAS court (see Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624, 625-626 [1st Dept 1995]). Were we to consider the argument, we would affirm the denial of summary judgment, as the language in section 6.1 (a) (ii) is ambiguous. Concur — Tom, J.P., Sweeny, DeGrasse and Clark, JJ.