■ UNITED STATES FIRE INSURANCE COMPANY et al., Respondents, v ACE AMERICAN INSURANCE COMPANY et al., Appellants. (And a Third-Party Action.) [983 NYS2d 731]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered October 16, 2012, which, to the extent appealed from as limited by the briefs, denied defendants FICA Transportation, Inc., S.L. Benfica Transportation, Inc. and Krasdale Foods, Inc.'s (the FICA defendants) pre-answer motion to dismiss plaintiffs' fourth cause of action in their declaratory judgment complaint, unanimously affirmed, with costs. Order, same court and Justice, entered November 5, 2012, which granted plaintiffs' motion to consolidate the aforementioned declaratory judgment action with a related third party action, unanimously affirmed, with costs.

The motion court correctly denied the FICA defendants' motion to dismiss the fourth cause of action. In or about May 2002, plaintiff Rose Trucking Corp. and defendant FICA Transportation entered into an agreement by which FICA was to transport Rose Trucking's trailers to supermarkets in the New York, New Jersey and Connecticut area. As part of this agreement, FICA Transportation agreed to provide $1 million of insurance coverage. The policy obtained by FICA named Rose Trucking as an additional insured and provided $1 million of coverage, subject to a $250,000 deductible. In light of this provision, the fourth cause of action states a cognizable claim by seeking a declaration that because the FICA defendants were contractually obligated to provide $1 million dollars in insurance, with no mention of a deductible, they must pay any deductible owed by Rose Trucking (*see e.g. Inner City Redevelopment Corp. v Thyssenkrupp El. Corp.*, 78 AD3d 613 [1st Dept 2010]).

The IAS court also properly consolidated the third party action with the declaratory judgment action. The third party action deals with the related issue of whether FICA Transporta-

tion can be liable for a failure to procure insurance in the agreed upon amount. The FICA defendants have not shown that any prejudice results from consolidation (*see e.g. Matter of Progressive Ins. Co. [Vasquez—Countrywide Ins. Co.]*, 10 AD3d 518 [1st Dept 2004]).

We have considered the remaining arguments and find them unavailing. Concur—Renwick, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ.