[26 NE3d 233, 2 NYS3d 405]

D.T., Also Known as D. T.-R., Individually and by ROBERTO ROD-RIGUEZ, as Commissioner of Social Services of Ulster County, Appellant, v IRWIN RICH, Defendant, and SAINT CA-BRINI HOME, INC., Respondent.

Argued October 23, 2014; decided November 25, 2014

### APPEARANCES OF COUNSEL

*Basch & Keegan, LLP*, Kingston (*Derek J. Spada* of counsel), for appellant.

*Martin Clearwater & Bell LLP*, New York City (*Barbara D. Goldberg* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and defendant Saint Cabrini Home, Inc.'s motion for summary judgment denied.

The Ulster County Department of Social Services placed plaintiff D.T., a neglected 13-year-old child, at a residential facility operated by defendant Saint Cabrini Home, Inc. (Saint Cabrini) in Ulster County. In January 2007, plaintiff left the facility without permission at about 10:00 p.m., and proceeded on foot to nearby Route 9W. Plaintiff had been observed leaving her cottage by a staff member, who followed her and notified other staff. Several staff members, together with the on-duty administrator, attempted to secure plaintiff's return. They found plaintiff on the shoulder of Route 9W; she refused verbal directives to return and moved away from staff members as they approached her. She ultimately walked into the middle of the highway, where she was struck by an oncoming vehicle and sustained serious injuries. By summons and complaint dated June 2, 2008, plaintiff sued the vehicle's driver, alleging negligent operation, and Saint Cabrini, asserting negligent supervision. Following discovery, Saint Cabrini moved for summary judgment dismissing the complaint as to it.

Supreme Court granted the motion, concluding that Saint Cabrini had made out a prima facie case that it had exercised the degree of supervision of a reasonably prudent parent, whereas plaintiff had not raised a triable issue of fact to the contrary. By decision dated November 29, 2012, the Appellate Division affirmed, with two Justices dissenting (100 AD3d 1300 [3d Dept

2012]). The court rejected plaintiff's unpreserved contention that "Supreme Court should have used a standard of care applicable to a facility caring for the mentally infirm [because] [t]here [was] no proof that plaintiff was placed with defendant for treatment of a mental illness"; rather, "[s]he had emotional and behavioral issues, which were reflective of her history as a neglected child" (*id.* at 1300 [citation omitted]). The Appellate Division agreed with Supreme Court that Saint Cabrini had "a duty to provide the degree of care and supervision that a reasonable parent would provide" (*id.*), and had "met its threshold burden of establishing that it was entitled to summary judgment [while] plaintiff failed to raise triable issues" (*id.* at 1301).

The dissenting Justices concluded that Saint Cabrini had not "carried its initial burden of demonstrating the absence of triable issues of fact as to whether its staff met [the] duty to provide the degree of care to plaintiff that a reasonable parent would provide" (*id.*). Viewing the evidence in the light most favorable to plaintiff, we agree that Saint Cabrini has not met its threshold burden. It is up to the jury to decide if a parent of ordinary prudence in similar circumstances would have necessarily employed different means to protect plaintiff under the facts of this case.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed, with costs, and defendant Saint Cabrini Home, Inc.'s motion for summary judgment denied, in a memorandum.