■ INNER CITY REDEVELOPMENT CORP. et al., Appellants, v THYSSENKRUPP ELEVATOR CORPORATION, Respondent, et al., Defendant. (And a Third-Party Action.) [8 NYS3d 314]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 14, 2014, which denied plaintiffs' motion for partial summary judgment against defendant Thyssenkrupp Elevator Corporation seeking indemnification in the amount of $275,000 and setting the matter down for an assessment of damages with respect to its claims for defense costs on the grounds that there was no duty to defend or indemnify unless there was a finding of negligence, unanimously modified, on the law, to the extent of declaring that Thyssenkrupp has a broad duty to defend, and otherwise affirmed, without costs.

The indemnification provision in the elevator installation agreement required Thyssenkrupp, as subcontractor, to defend and indemnify the owner and contractor for bodily injury and damage resulting from Thyssenkrupp's own negligent actions. No finding has yet been made as to Thyssenkrupp's negligence, and thus no determination can yet be made as to its obligation to indemnify. As an indemnitor, Thyssenkrupp is not an insurer, and in that context its duty to defend is no broader than its duty to indemnify (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 809 [2d Dept 2009]).

Nevertheless, where, as here, a party gives a promise to procure insurance to protect from a certain amount of liability, it may obtain insurance with a self-insured retention or deductible, but the promising party must pay any costs, including defense costs. This proposition is not based on Thyssenkrupp's status as a "self-insurer," but on its promise to procure insurance (*see Hoverson v Herbert Constr. Co.*, 283 AD2d 237, 238 [1st Dept 2001]; *Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144 [1st Dept 1998]). In that context, Thyssenkrupp is acting like an insurer, and has a broad duty to defend, as an insurer would. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.