■ TKM Group, Inc., Plaintiff, v Indian Harbor Insurance Company et al., Defendants, Program Brokerage Corp., Respondent, and Stratford Insurance Agency, LLC, Appellant. [13 NYS3d 181]—In an action, inter alia, to recover damages for deceptive insurance sales practices and breach of contract, the defendant Stratford Insurance Agency, LLC, appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated July 1, 2013, which granted the motion of the defendant Program Brokerage Corp. for summary judgment, inter alia, in effect, on its cross claim requiring Stratford Insurance Agency, LLC, to defend it in the action and to provide full contractual indemnification.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Program Brokerage Corp. for summary judgment, inter alia, in effect, on its cross claim requiring Stratford Insurance Agency, LLC, to defend it in the action and to provide full contractual indemnification is denied.

PBC failed to establish its prima facie entitlement to judgment as a matter of law (see D.T. v Rich, 24 NY3d 1103 [2014]). PBC and Stratford entered into a brokerage agreement (hereinafter the agreement) dated March 3, 2009. Section 12 of the agreement, which makes Stratford liable for costs and damages incurred by PBC as a result of Stratford's violation of the agreement, has no application unless and until PBC can establish that Stratford has violated the terms of the agreement. Here, PBC failed to submit evidence demonstrating that Stratford has violated the terms of the agreement (see JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575 [2012]). PBC also contends that Stratford's separate indemnification obligation under section 6 of the agreement, and the interplay between section 6 and other provisions of the agreement, including section 12, require Stratford to indemnify PBC for PBC's own negligence. However, those provisions of the agreement are ambiguous, and as such, the construction of those provisions "presents a question of fact that may not be resolved by the court on a motion for summary judgment" (Shadlich v Rongrant Assoc., LLC, 66 AD3d 759, 760 [2009]).

PBC's failure to meet its prima facie burden requires the denial of its motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach Stratford's

remaining contentions. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.